Mr. C. Jeffrey McInnis Okaloosa County School Board Attorney 909 Mar Walt Drive, Suite 1014 Fort Walton Beach, Florida 32547-6711
Dear Mr. McInnis:
On behalf of the Okaloosa County School Board, you ask substantially the following question:
Are the records and meetings of a not-for-profit corporation granted charter school status subject to the requirements of Chapter 119, Florida Statutes, and section 286.011, Florida Statutes, even though the charter school has not yet opened its doors to students?
In sum:
The records and meetings of a not-for-profit corporation granted charter school status are subject to the requirements of Chapter 119, Florida Statutes, and section 286.011, Florida Statutes, even though the charter school has not yet opened its doors to students.
According to your letter, the Okaloosa County School Board issued a written charter school contract on October 9, 2000, to a Florida not-for-profit corporation pursuant to section 228.056, Florida Statutes. The contract specifically provides:
"This Charter School Contract shall become effective upon signingby both parties, and shall cover a term of five (5) years of operation beginning July 1, 2001, unless otherwise amended by action of both Boards." (e.s.)
You state that in accordance with section 228.056(11), Florida Statutes, the charter requires that the school comply with the provisions of both Chapter 119 and section 286.011, Florida Statutes, relating to public records and public meetings.
According to your letter, the school district recently requested that the charter school release certain records. The school refused, stating that since it will not begin its school operations until July 1, 2001, it is not subject to the public records law. You note, however, that while students are not currently attending the school, the charter school is in the process of recruiting students and faculty, designating a principal, and otherwise planning and organizing for the school's opening in July 2001. You state that it is your opinion that the meetings and records of the charter school are subject to disclosure even though students are not yet attending class.
From the information you provided, the charter school contract expressly provides that the contract is effective upon signature by both parties, an event that, according to your letter, occurred on October 9, 2000. Thus, the provisions of the contract, including the provision that the school comply with the public records and sunshine laws of this state, became effective on that date. The contract acknowledges that the school will not begin operation until July 2001; however, you have not brought to this office's attention any provision delaying the effectiveness of the charter provisions until July. Rather, as noted above, the charter expressly states that its provisions are effective upon signing by both parties.
It appears therefore, that under the charter school contract entered into by the school board and the not-for-profit organization on October 9, 2000, the provisions relating to Chapter 119 and section 286.011, Florida Statutes, became effective on that date. The provisions of the Public Records Law and the Government in the Sunshine Law thus are applicable to the charter school records even though the school has not yet opened its doors to students.
Even if the charter agreement was silent on this issue, however, the records and meetings of the not-for-profit organization operating as a charter school would, in my opinion, be subject to the open records and meetings laws at the time the charter for the school was granted.
Section 228.056, Florida Statutes, was adopted in 1996 by the Florida Legislature in order to supplement the educational opportunities of children.[1] The statute allows for both the creation of new charter schools and the conversion of existing public schools to charter status.[2] Section 228.056, Florida Statutes, authorizes the creation of these charter schools as part of the state's program of public education.[3]
A district school board may sponsor a charter school in the county over which the board has jurisdiction; it receives and reviews applications for a charter school, and by majority vote either approves or denies the application.[4] The terms and conditions for the operation of a charter school are to be set forth by the sponsor and the applicant in a written contractual agreement, called a charter.[5] Following a public hearing to elicit community input, the charter governing the school must be signed by the governing body of the charter school and the sponsor.[6]
The Legislature has directed that a charter school must organize as a nonprofit organization, but allows it to be either a private or a public employer.[7] Regardless of whether a charter school operates as a public or a private entity, however, it is subject to the Public Records Law in Chapter 119, Florida Statutes, and the Open Meetings Law in section 286.011, Florida Statutes.[8]
I find nothing in section 228.056, Florida Statutes, that would delay the application of its provisions until after the school has opened to students. Once the charter has been signed, the not-for-profit organization, in preparing for the beginning of the school year, is carrying out the duties and functions of the charter school under the terms of the charter. For example, section 228.056(12)(a), Florida Statutes, states that a charter school shall select its own employees. Presumably, most employees of the charter school will be selected prior to the arrival of students at the school; however, under the rationale suggested by the charter school in question, such selection could not take place since the organization "is not yet functioning as a public school." Yet your letter clearly indicates that the not-for-profit organization is recruiting faculty and staff.
Thus, the not-for-profit organization is carrying out the duties and responsibilities of a charter school pursuant to its charter and the provisions of section 228.056, Florida Statutes, in preparing for the opening of the school year and the admittance of students. One such requirement of section 228.056 is that the meetings and records of the school be open.
Accordingly, I am of the opinion that the records and meetings of a not-for-profit corporation granted charter school status are subject to the requirements of Chapter 119, Florida Statutes, and section 286.011, Florida Statutes, even though the charter school has not yet opened its doors to students.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 1, Ch. 96-186, Laws of Florida.
[2] See, s. 228.056(3)(a), Fla. Stat., providing:
"An application for a new charter school may be made by an individual, teachers, parents, a group of individuals, a municipality, or a legal entity organized under the laws of this state. The district school board or the principal, teachers, parents, and/or the school advisory council at an existing public school, including a public school-within-a-school that is designated as a school by the district school board, shall submit any application for converting the school to a charter school. An application submitted proposing to convert an existing public school to a charter school shall demonstrate the support of at least 50 percent of the teachers employed at the school and 50 percent of the parents voting whose children are enrolled at the school, provided that a majority of the parents eligible to vote participate in the ballot process, according to procedures established by rules of the state board. A private school, parochial school, or home education program shall not be eligible for charter school status."
[3] Section 228.056(1), Fla. Stat.
[4] Section 228.056(4), Fla. Stat.
[5] Section 228.056(4)(f), Fla. Stat.
[6] Section 228.056(9), Fla. Stat.
[7] Section 228.056(7), Fla. Stat.
[8] See, s. 228.056(11), Fla. Stat., which exempts charter schools from certain statutes but which expressly provides that "[a] charter school shall not be exempt from the following statutes: chapter 119, relating to public records, and s. 286.011, relating to public meetings and records, public inspection, and penalties."